1   Gregory J. Marshall (#019886)
    Erica J. Stutman (#029664)
2   SNELL & WILMER L.L.P.
    One Arizona Center
3   400 E. Van Buren, Suite 1900
    Phoenix, Arizona  85004-2202
4   Telephone:  602.382.6000
    Facsimile:  602.382.6070
5   gmarshall@swlaw.com
    estutman@swlaw.com
6   Attorneys for Defendant Federal National
    Mortgage Association
7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE DISTRICT OF ARIZONA

10

11  Richard and Kristin Zabriskie,            No. CV-13-02260-PHX-SRB

12                 Plaintiffs,                PROPOSED CASE MANAGEMENT
                                              PLAN
13  v.

14  Federal National Mortgage Association and
    Federal Housing Finance Agency as the
15  Conservator of Federal National Mortgage
    Association,
16
                   Defendants.
17

18        **1.     The nature of the case, setting forth in brief statements the factual**

19  **and legal basis of plaintiff's claims and defendant's defenses.**

20        Plaintiffs' Statement:

21        The case *sub judice* arises under the "reasonable procedures" section of

22  the Fair Credit Reporting Act ("FCRA"), which provides in its entirety:

23        (b)  Accuracy of report.  Whenever a consumer reporting agency prepares a
          consumer report it shall follow reasonable procedures to assure maximum
24        possible accuracy of the information concerning the individual about whom
          the report relates.
25

26  *See* 15 U.S.C. § 1681*e*(b).  The Zabriskies claim Fannie Mae violated this mandate by

27  following a patently unreasonable foreclosure identification procedure that caused false

28  information to be provided to the Zabriskies' prospective mortgage financers *via* Fannie

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

Mae's Desktop Underwriting Findings Reports ("DU Findings"). These DU Findings are prepared for lenders, at least in part, to serve as a factor in the lenders' determination as to whether or not to approve a particular loan application, landing their preparation and dissemination squarely within the purview of the FCRA.

On numerous occasions over the past two-plus (2+) years, Fannie Mae has prepared a DU Findings report concerning Plaintiffs and disseminated such report to one or more third party(s) that failed to assure "maximum possible accuracy" of information pertaining to Plaintiffs. In doing so, Fannie Mae willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published concerning Plaintiffs, in violation of 15 U.S.C. § 1681*e*(b).

Fannie Mae's Statement:

This action arises out of what Plaintiffs characterize is a "counter-intuitive" Fannie Mae policy to identify short sales as foreclosures through its Desktop Underwriter ("DU"). Fannie Mae licenses to lenders the DU, which is a software application that allows lenders to assemble in one place information received from prospective borrowers and consumer reporting agencies, so the lender can determine whether to extend credit to a prospective borrower, and if so, on what terms. The DU also provides those lenders with an automatic assessment of whether Fannie Mae considers a particular loan to be eligible for sale to Fannie Mae, something the lender can also do manually by using Fannie Mae's published eligibility criteria.

Plaintiffs' claim challenges how Fannie Mae, through the DU, chose to treat certain information contained in consumer credit reports as it relates to whether prospective borrowers had a prior foreclosure or short sale. Plaintiffs allege that Fannie Mae's business policy caused them harm. However, the Complaint asserts a cause of action under the Fair Credit Reporting Act (the "FCRA"), alleging that Fannie Mae's DU Underwriting Findings, the document lenders generate using the DU software, is a "consumer report," that Fannie Mae is a "consumer reporting agency," and that the DU Underwriting Findings inaccurately reported Plaintiffs' prior short sale as a foreclosure on

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

one or more occasions.  Fannie Mae denies all of Plaintiffs' allegations.  The subject DU Underwriting Findings are not consumer reports and Fannie Mae is not a consumer reporting agency subject to the FCRA.

While Fannie Mae is not a consumer reporting agency, and the subject DU Underwriting Findings are not consumer reports, the evidence will show that Fannie Mae's procedures were, at all times relevant, reasonable to ensure that the information contained in the DU Underwriting Findings was accurate, specifically as it relates to short sales and foreclosures.  Moreover, any alleged violations of the FCRA were not the result of any negligent or willful conduct on the part of Fannie Mae, as the FCRA requires for a finding of liability.  Finally, Plaintiffs were not injured by any alleged negligent or willful conduct of Fannie Mae.

**2.     A list of the elements of proof necessary for <u>each</u> count of the Complaint and each affirmative defense.  Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail. The list of the elements of proof must contain citations to relevant legal authority, (*i.e.*, United States statutory and/or administrative law, U.S. Supreme Court case law, Ninth Circuit Court of Appeals case law, Arizona State case and statutory law, or other authority as dictated by conflicts of law rules).**

**<u>Claims:</u>**

Plaintiffs must prove that (1) Fannie Mae is a "consumer reporting agency."  *See* 15. U.S.C. § 1681a(f); (2) The DU Underwriting Findings are "consumer reports."  *See* 15 U.S.C. § 1681a(d); (3) Fannie Mae prepared consumer reports regarding Plaintiffs containing inaccurate information.  *Loomis v. U.S. Bank Home Mortg.*, 912 F. Supp. 2d 848, 855 (D. Ariz. 2012) ("To make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."); (4) Fannie Mae failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b); (5) Fannie Mae's

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

alleged violation was negligent, under 15 U.S.C. § 1681o, or willful, under 15 U.S.C. § 1681n; and (6) Plaintiffs suffered actual damages caused by Fannie Mae's alleged violation.  *See* 15 U.S.C. §§ 1681n, 1681o.

**<u>Affirmative Defenses:</u>**

A.    Any damages may be barred or reduced by the contributory and/or comparative negligence of Plaintiffs and/or third parties.  Pursuant to A.R.S. § 12-2506, Plaintiffs and/or third parties may be wholly or partially at fault or responsible for causing Plaintiffs' alleged damages, thereby reducing or eliminating any damages for which Fannie Mae may otherwise be liable or responsible.  To prove the comparative fault of others, Fannie Mae must offer evidence that nonparties owed a duty to Plaintiffs, that the duty was breached, and that the breach caused injury to Plaintiffs.  *See, e.g., Ryan v. San Francisco Peaks Trucking Co., Inc.*, 228 Ariz. 42, 48, 262 P.3d 863, 869 (Ariz. Ct. App. 2011).

B.    Plaintiffs' claim against Fannie Mae may be barred in whole or in part by their failure to mitigate damages where Plaintiffs' own voluntary acts or omissions have unreasonably exposed them to damages or increased their alleged injuries, if any. *See, e.g., Life Investors Ins. Co. of America v. Horizon Resources Bethany, Ltd.*, 182 Ariz. 529, 534, 898 P.2d 478, 483 (App. 1995).

C.    Plaintiffs' claim against Fannie Mae may be barred in whole or in part by the statute of limitations and/or the doctrine of latches in that Plaintiffs may have failed to bring their claim within two years after they discovered or reasonably should have discovered the alleged violation that is the basis of liability.  *See, e.g.,* 15 U.S.C. § 1681p; *see also Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002) (doctrine of latches).

D.    Plaintiffs' claim may be barred in whole or in part by waiver, estoppel, and unclean hands.  *See, e.g., Jones v. Cochise County*, 218 Ariz. 372, 379, 187 P.3d 97, 104 (Ariz. Ct. App. 2008) (waiver requires an express, voluntary, intentional relinquishment of a known right or conduct that warrants an inference of an intentional

relinquishment.); *Gorman v. Pima County*, 230 Ariz. 506, 510-11, 287 P.3d 800, 804-05 (Ariz. Ct. App. 2012) (estoppel requires acts inconsistent with a position later adopted, reliance by the other party, and injury to the latter resulting from the former's repudiation of its prior conduct); *First Ascent Ventures Inc. v. DLC Dermacare LLC*, 312 F. App'x 60, 61 (9th Cir. 2009) (quoting *Barr v. Petzhold,* 77 Ariz. 399, 273 P.2d 161, 165-66 (1954)) (unclean hands requires inequitable or unconscionable conduct related to the activity that is the basis of the claim.)

     **3.** **The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion.**

     The following factual and legal issues are disputed.  The parties cannot at this time narrow them by stipulation or motion.

     A.    Whether Fannie Mae regularly assembles or evaluates consumer credit information or other information on consumers;

     B.    Whether Fannie Mae acts for the purpose of furnishing consumer reports to third parties;

     C.    Whether Fannie Mae is a consumer reporting agency;

     D.    Whether Fannie Mae is not a consumer reporting agency because of its limited agency relationship with DU subscribers;

     E.    Whether the DU Underwriting Findings are consumer reports;

     F.    Whether the information in the DU Underwriting Findings regarding the short sale at issue in the Complaint was inaccurate;

     G.    Fannie Mae's procedures utilized to assure the accuracy of information concerning Plaintiffs' credit information at issue in the Complaint;

     H.    Whether Fannie Mae failed to utilize reasonable procedures to ensure the maximum possible accuracy of information in the DU Underwriting Findings;

     I.    Whether any failure by Fannie Mae to comply with the FCRA was negligent or willful;

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

J.      Whether Plaintiffs suffered any loss or damage caused by any alleged negligent or willful conduct of Fannie Mae; and

K.      The amount of Plaintiffs' damages, if any.

**4.      The jurisdictional basis of the case, citing specific statutes.**

This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1681*p* and 28 U.S.C. § 1337.

**5.      Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance, including fictitious parties.  Unless counsel can otherwise show cause, an order shall accompany the joint report dismissing any party which has not been served, naming fictitious or unnamed parties, or seeking default judgment on any non-appearing party.**

None.

**6.      The names of parties not subject to the Court's jurisdiction.**

None.

**7.      Whether there are dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated.**

Fannie Mae anticipates moving for summary judgment on some or all of the following issues:  Whether Fannie Mae is a consumer reporting agency subject to the FCRA; whether the information in the DU Underwriting Findings regarding Plaintiffs' short sale was inaccurate; whether Plaintiffs can sustain their claim that Fannie Mae's procedures were unreasonable or that Fannie Mae was negligent or otherwise acted willfully in allegedly violating the FCRA; and whether Plaintiffs' alleged damages were caused by any alleged negligence or willful conduct of Fannie Mae in allegedly violating the FCRA.

**8.      Whether the case is suitable for reference to a master or to a United States Magistrate Judge.**

Snell & Wilmer

L.L.P.

LAW OFFICES

One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

At this time, the parties do not believe this case is suitable for reference to a master or to a United States Magistrate Judge.

**9.** **The status of related cases pending before other judges of this Court or before other courts.**

*McCalmont v. Federal National Mortgage Association, et al.*, Case No. CV-13-02107-HRH (D. Ariz.) – Fannie Mae's Motion to Dismiss is currently pending; oral argument scheduled for July 10, 2014.

**10.** **Suggested changes, if necessary, in the timing, form, or requirement for disclosures under Rule 26(a), Federal Rules of Civil Procedure, including a statement of when Initial Disclosures were made or will be made.**

The parties anticipate exchanging initial disclosures on or before Thursday, June 19, 2014.

**11.** **Proposed deadlines for:**

**(a)** **discovery:** Friday, March 27, 2015

**(b)** **filing dispositive motions:** Friday, May 29, 2015

**(c)** **disclosure of expert testimony under Rule 26(a)(2)(c) of the Federal Rules of Civil Procedure:**

Plaintiffs' Disclosure:  Friday, October 31, 2014

Defendant's Disclosure:  Friday, January 30, 2015

**(d)** **pretrial disclosures under Rule 26(a)(3) of the Federal Rules of Civil Procedure:** Friday, September 4, 2015

**(e)** **scheduling of the final pretrial conference (allowing sufficient time for briefing dispositive motions (see LRCiv 56.1) plus 60 days):** Friday, September 25, 2015

**12.** **The scope of discovery and whether discovery should be conducted in phases or should be limited to or focused upon particular issues.  For example, where dispositive motions will be filed (*e.g.*, motions for summary judgment or**

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1  **a defense relying on the statute of limitations) counsel should consider limiting**
2  **discovery to the issue at hand until the Court has ruled on the motion.**

3      The parties anticipate exchanging written discovery, issuing several third party
4  subpoenas, and deposing Plaintiffs and a corporate representative of Fannie Mae.  The
5  parties may also take one or more third party depositions, and depose any experts
6  designated by the parties.  The parties do not believe conducting discovery in phases or
7  limited or focused on particular issues would be efficient.

8      **13.   Suggested changes, if any, in the limitations on discovery imposed by**
9  **the Federal Rules of Civil Procedure.**

10     None.

11     **14.   Estimated date that the case will be ready for trial, the estimated**
12  **length of trial, and any suggestions for shortening the trial.**

13     The parties estimate that this case will be ready for trial in October, 2015.

14     The parties anticipate the length of the trial to require between five and eight trial
15  days.

16     **15.   Whether a jury trial has been requested and whether the request for a**
17  **jury trial is contested.  If the request for a jury trial is contested, the Proposed**
18  **Case Management Plan shall set forth the reasons that a trial by jury is in dispute.**

19     A jury trial has been requested and is not contested.

20     **16.   The prospects for settlement, including any request to have a**
21  **settlement conference before another United States District Court Judge or**
22  **Magistrate Judge, or other request of the court for assistance in settlement efforts.**

23     The parties are actively considering resolution options, but cannot report on the
24  prospects for settlement at this time.  The parties do not at this time request the Court's
25  assistance in settlement efforts or reference to a settlement conference.

26     **17.   In class actions, the proposed dates for class certification proceedings**
27  **and other class management issues.  Such certification will result in the case being**
28  **reassigned to the complex track for case management purposes.**

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1    Not applicable.

2        **18.     Whether any unusual, difficult, or complex problems or issues exist**

3    **which would require this case to be placed on the complex track for case**

4    **management purposes.**

5        None.

6        **19.     Any other matters which counsel feel will aid the Court in resolving**

7    **this dispute in a just, speedy, and inexpensive manner.**

8        None.

9

10       DATED this 16th day of June, 2014.

11                                    SNELL & WILMER L.L.P.

12

13                            By:   *s/ Erica J. Stutman*
                                    Gregory J. Marshall
14                                  Erica J. Stutman
                                    One Arizona Center
15                                  400 E. Van Buren, Suite 1900
                                    Phoenix, Arizona  85004-2202
16
                                    GOLDSMITH & ASSOCIATES, LLC
17

18                            By:   *s/ Sylvia A. Goldsmith, with permission*
                                    Sylvia A Goldsmith
19                                  Geoffrey B. McCarrell
                                    Park West Building
20                                  20545 Center Ridge Rd., Suite 120
                                    Rocky River, OH 44116
21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

1

## **CERTIFICATE OF SERVICE**

2
   I hereby certify that on June 16, 2014, I electronically transmitted the foregoing

3
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4
Notice of Electronic Filing to the following CM/ECF registrants:

5
Paul B. Mengedoth, Esq.
Mengedoth Law PLLC
6
20909 N 90th St., Ste. 211
Scottsdale, AZ 85255
7

8
Sylvia A Goldsmith, Esq.
Geoffrey B. McCarrell, Esq.
Law Office of Sylvia A Goldsmith
9
2639 Wooster Rd.
Rocky River, OH 44116
10

*Attorneys for Plaintiffs*
11

12

13
   *s/Debbie Shuta*

14
19434681.9

15

16

17

18

19

20

21

22

23

24

25

26

27

28