# EXHIBIT C

1   Gregory J. Marshall (ASB #019886)
2   Erica J. Stutman (#029664)
    SNELL & WILMER L.L.P.
    One Arizona Center
3   400 E. Van Buren
    Phoenix, Arizona  85004-2202
4   Telephone:  602.382.6000
    Facsimile:  602.382.6070
5   gmarshall@swlaw.com
    estutman@swlaw.com
6
7   Michael B. Miller (*pro hac vice*)
    Joanna M. Zdanys (*pro hac vice*)
    MORRISON & FOERSTER LLP
8   250 West 55th
    New York, New York 10019-9601
9   Telephone:  212.468.8000
    Facsimile:  212.468.7900
10  mbmiller@mofo.com
    jzdanys@mofo.com
11
12  Attorneys for Defendant Federal National
    Mortgage Association

13

14                 IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF ARIZONA
15

16  Richard and Kristin Zabriskie,              No. CV-13-02260-PHX-SRB

17                        Plaintiffs,           **DECLARATION OF CYNDI
                                                DANKO IN OPPOSITION TO
18  v.                                          PLAINTIFFS' MOTION FOR
                                                PARTIAL SUMMARY JUDGMENT**
19  Federal National Mortgage Association and
    Federal Housing Finance Agency as the
20  Conservator of Federal National Mortgage
    Association,
21
22                        Defendants.

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
(520) 882-1200

I, Cyndi Danko, declare under penalty of perjury as follows:

1.      I am over the age of 18 and am competent to testify to the facts herein.

2.      I have been employed by Federal National Mortgage Association ("Fannie Mae") for more than 15 years.  I have served in a number of positions during my career at Fannie Mae, and am currently the Director, AU Product Management.  In my current position, I am directly responsible for the Desktop Underwriter software application that Fannie Mae licenses to approved mortgage lenders and brokers.  Except for any matters stated to be on information and belief, I have personal knowledge of the facts stated below.  The information provided below, except where otherwise indicated, relates to the time period relevant to this dispute (that is, late 2012 to the middle of 2013).  If called as a witness to this action, I could and would testify competently to these facts.

3.      I submit this declaration in opposition to Plaintiffs' Motion for Partial Summary Judgment.  I previously submitted a declaration in support of Fannie Mae's Motion for Summary Judgment, which was dated October 12, 2015 ("Danko Decl. I").  The first Danko declaration was submitted to provide additional context with respect to Fannie Mae's Desktop Underwriter software application, the way it is used, and the purpose for which it was used.  (Danko Decl. I.)  Much of that previous declaration is relevant to Plaintiffs' Partial Motion for Summary Judgment, and I understand that it will be made part of the record in response to Plaintiffs' Partial Motion.  Therefore, rather than restate the entirety of the first declaration, I will in this declaration simply supplement and at times clarify the information already provided.

4.      Redacted

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
(520) 882-1200

Redacted

. In fact, all of the conduct described is conduct of the lender, using the DU software application, without the involvement of Fannie Mae. Paragraph 15 of my first declaration summarized the multi-step process in which a lender would engage to use the DU software application and described the only limited nature of Fannie Mae's involvement in the process, and this declaration should be read in conjunction with the first Danko declaration. (Danko Decl. I.)

5.     Paragraph 12 of Plaintiffs' Statement of Facts refers to a lender's[1] "communication with Fannie Mae about a possible recommendation for a particular borrower."  There is no such communication between a lender and Fannie Mae, and no such "recommendation" by Fannie Mae.  It is the lender using the DU software application that engages in the conduct described in this paragraph, not Fannie Mae.  All data and information used in the DU software application about a particular borrower comes from the lender, whether directly (for example, the information that the lender collects from the borrower) or indirectly (for example, the tri-merge credit report that the lender orders and purchases from the tri-merge credit reporting agency).

6.     Redacted

---

[1] Plaintiffs' Statement of Facts refers frequently to a "lender/broker" rather than just a "lender."  As I noted in my deposition (*see, e.g.*, Danko Dep. 83:16-22, 88:9-17), a broker can in certain circumstances use the DU software application in conjunction with the broker's work with an approved Fannie Mae lender.  Thus, I will refer to a "lender" throughout this declaration; however, I do not see any meaningful distinction in the different terminology for current purposes.

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
(520) 882-1200

- 2 -

ny-1211433

Redacted

7.    Redacted

Fannie Mae does not send or receive that tri-merge report – it instead is transmitted directly to the DU software application upon the request of the lender.  In addition, lenders have access to all forms of the tri-merge credit report that they input, or cause to have input into the DU software application for a particular borrower.  The tri-merge report itself is the product of each specific approved tri-merge consumer reporting agency, which takes data from the

- 3 -

three large national credit bureaus and then merges that data into a single report pursuant to its own proprietary merge logic.

8.      Redacted

9.      Paragraphs 36 through 38 of Plaintiffs' Statement of Facts refer to the DU Findings.  Again, as I noted in the first Declaration, it is the lender using the DU software application, not Fannie Mae, that causes the application to issue a "recommendation." (Danko Decl. I.)

10.     Redacted

Snell & Wilmer

L.L.P.

LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
(520) 882-1200

- 4 -

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
(520) 882-1200

11.    In my previous declaration, I noted that Fannie Mae was created by Congress in 1938 and operates pursuant to its statutory charter. Fannie Mae operates in the secondary mortgage market exclusively. Fannie Mae licenses the DU software application to approved lenders in order to help them determine on their own whether a particular loan will be purchased by Fannie Mae in the secondary market. The "recommendation" that a lender can generate using DU indicates whether a given loan satisfies the provisions of the Selling Guide and thus whether Fannie Mae will purchase that loan while enabling lenders to get a limited waiver of the usual representations and warranties that they otherwise would be required to make upon delivery of the loan, not whether "a particular loan should even be made."

I declare under penalty of perjury that the foregoing information is true and correct.

EXECUTED on November 16, 2015, at Washington, D.C.

Cyndi Danko

- 5 -

ny-1211433