**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Zabriskie, et al., | No. CV-13-02260-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| Federal National Mortgage Association, et al., | |
| Defendants. | |

The Court now considers Plaintiffs' Motion in Limine No. 3 to Exclude Testimony of Evan T. Barnett ("Pls.' Mot.") (Doc. 137) and Defendant Federal National Mortgage Association's ("Fannie Mae") Motion in Limine No. 3 to Exclude the Testimony of Evan D. Hendricks ("Def.'s Mot.") (Doc. 142), which the Court took under advisement following the pretrial conference on February 29, 2016. (Doc. 168, Minute Entry.)

### A.   Plaintiffs' Motion in Limine

Plaintiffs have filed a motion in limine to exclude the testimony of defense expert Evan Barnett. Plaintiffs argue that Mr. Barnett is not qualified to give expert opinions about whether Fannie Mae's Desktop Underwriter system correctly applied its Selling Guide standards to Plaintiffs' consumer reports and, even so, this issue is not relevant to Plaintiffs' claims. (Pls.' Mot. at 7-8.)[1] Federal Rule of Evidence 702 permits opinion

---

[1] To the extent Plaintiffs and Fannie Mae each seek to exclude the testimony of their respective experts concerning whether Fannie Mae is a "consumer reporting agency" under the Fair Credit Reporting Act ("FCRA"), these arguments are moot

testimony by an expert as long as the witness is qualified and the witness's opinion is relevant and reliable. *See* Fed. R. Evid. 702. A witness may be "qualified as an expert by knowledge, skill, experience, training, or education." *Id.* Rule 702 "contemplates a broad conception of expert qualifications." *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (internal quotation marks omitted), *as amended* (Apr. 27, 2010); *see also Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (stating that "the reliability of non-scientific testimony . . . depends heavily on the knowledge and experience of the expert"). The proponent of the expert has the burden of proving admissibility by a preponderance of the evidence. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 n.10 (1993); *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

Mr. Barnett's expert report indicates that he will offer testimony that provides background information on the consumer reporting industry, including how consumer reports are generated and the types of information they contain. (*See* Doc. 158-1, Expert Report of Evan T. Barnett ("Barnett Report") ¶¶ 12-18.) Plaintiffs have not objected to this testimony on relevancy grounds or argued that Mr. Barnett lacks the expertise to provide testimony on the consumer reporting industry, in general. Accordingly, the Court will not preclude Mr. Barnett from testifying at trial with respect to his knowledge of the background of the consumer reporting industry. Mr. Barnett's report also indicates that he intends to provide testimony on whether the Desktop Underwriter software correctly applied Fannie Mae's Selling Guide standards to Plaintiffs' consumer reports. (*See* Barnett Report ¶¶ 24-25.) The Court agrees that Fannie Mae has failed to establish that Mr. Barnett is qualified to give such testimony. Mr. Barnett has admitted that he has no

---

because the Court has already concluded that Fannie Mae acts as a consumer reporting agency when it licenses its Desktop Underwriter software to lenders. (*See* Doc. 155, Feb. 24, 2016 Order at 8.)

- 2 -

direct experience in the underwriting process of mortgage lending, and he has no experience working with the Desktop Underwriter system or Fannie Mae's Selling Guide. Absent any evidence that Mr. Barnett has any experience, training, or knowledge particular to the Desktop Underwriter system or Fannie Mae's Selling Guide, the Court cannot conclude that he is sufficiently qualified to provide expert testimony as to whether the Desktop Underwriter software correctly applied the Selling Guide standards to Plaintiffs' consumer reports.

### B. Fannie Mae's Motion in Limine

Fannie Mae has filed a motion in limine to exclude the testimony of Plaintiffs' expert, Evan Hendricks. Fannie Mae first argues that Mr. Hendricks purports to testify that Fannie Mae acted "unreasonably" and that such testimony constitutes impermissible legal conclusions and, even so, Mr. Hendricks is not qualified to offer such an opinion. (Def.'s Mot. at 6-10.) Mr. Hendricks's expert report states that he intends to testify that Fannie Mae has implemented "unreasonable" procedures that "disregard[] well-known industry standards for characterizing and reporting consumer credit data." (Doc. 142-1, Expert Report of Evan Hendricks ("Hendricks Report") at 9-12.) The Court cannot conclude that Mr. Hendricks is unqualified to opine as to standard credit reporting policies and procedures. As recently recognized by the Court in a similar case brought under the FCRA:

> For thirty-three years, Hendricks researched, wrote, edited, and published a bi-weekly newsletter covering various aspects of the FCRA. For ten years, he served as a privacy expert consultant for the Social Security Administration, where he reviewed policies and practices regarding use and disclosure of personal data. Hendricks also has a FCRA certification from the National Credit Reporting Association. Additionally, Hendricks has testified about the FCRA and related matters before the United States House Financial Services Committee and Senate Banking Committee, and has been admitted as an expert witness to testify on similar matters in both state and federal courts. These experiences qualify Hendricks to offer expert witness testimony on certain topics in this case.

*Valenzuela v. Equifax Info. Servs. LLC*, No. CV-13-02259-PHX-DLR, 2015 WL 6811585, at *2 (D. Ariz. Nov. 6, 2015); (*see also* Doc. 142-1, Hendricks Report at 16-30.) The Court will not preclude Mr. Hendricks from testifying regarding the relevant

1 industry standards for characterizing and reporting consumer credit data or describing how Fannie Mae's procedures comport with these standards. A layperson is not likely to have independent knowledge of the intricacies of how consumer reports are typically interpreted and Mr. Hendricks's specialized knowledge on this topic will assist the trier of fact. *See* Fed. R. Evid. 702(a). Mr. Hendricks, however, will not be permitted provide an opinion as to whether these procedures should be considered "unreasonable" under the FCRA, because this is an ultimate issue that will be decided by the jury. *See* Fed. R. Evid. 704(a) & 1972 Advisory Committee Note (stating that an expert's opinion "may embrace[] an ultimate issue," but the opinion cannot "merely tell the jury what result to reach"); *see also Hangarter*, 373 F.3d at 1016 (stating that an expert did not improperly embrace the issue of bad faith under Rule 704(a) by testifying as to the relevant industry standards and the defendant's failure to comport with these standards).

Fannie Mae also argues that Mr. Hendricks intends to testify about its state of mind and past "bad acts," and maintains that such testimony should be excluded because Mr. Hendricks has no personal knowledge on these issues. (*Id.* at 10-12 (citing Hendricks Report at 13-15).) Plaintiffs have not specifically responded to these objections. Mr. Hendricks's expert report indicates that he plans to offer testimony concerning the effectiveness of the remedial measures that Fannie Mae incorporated after the time period relevant to this case. (*See* Hendricks Report at 13-14.) As the Court indicated at the pretrial conference, any testimony from Mr. Hendricks related to remedial measures that Fannie Mae incorporated after the time period relevant to this case is not permitted by the Federal Rules of Evidence and therefore will not be permitted. *See* Fed. R. Evid. 407. Further, because Plaintiffs have not proffered any persuasive argument as to why Rule 404 does not prevent Mr. Hendricks from testifying that Fannie Mae had "punish[ed] consumers for exercising their legal rights under the FCRA to dispute credit report errors" in the past, the Court will not permit Mr. Hendricks to testify to the events described on the final page of his report. (*See* Hendricks Report at 15.)

///

**IT IS ORDERED** denying in part and granting in part Plaintiffs' Motion in Limine No. 3 to Exclude Testimony of Evan T. Barnett (Doc. 137).

**IT IS FURTHER ORDERED** denying in part and granting in part Defendant Federal National Mortgage Association's Motion in Limine No. 3 to Exclude the Testimony of Evan D. Hendricks (Doc. 142).

Dated this 22nd day of April, 2016.

_____
Susan R. Bolton
United States District Judge