Paul B. Mengedoth (018507)
**MENGEDOTH LAW PLLC**
20909 N. 90th Place, Suite 211
Scottsdale, AZ 85255
Tel: (480) 778-9100
Fax: (480) 778-9101
E-mail: paul@mengedothlaw.com

Sylvia A. Goldsmith, Esq. (*Pro Hac Vice*)
**GOLDSMITH & ASSOCIATES, LLC**
Park West Building
20545 Center Ridge Road, Suite 120
Rocky River, OH 44116
Tel: (440) 934-3025
Fax: (440) 934-3026
E-mail: sgoldsmith@sgoldsmithlawoffice.com

*Attorneys for Plaintiffs Richard and Kristin Zabriskie*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Richard and Kristin Zabriskie, | ) |
| | ) |
| Plaintiffs, | ) CASE NO. CV-13-02260-PHX-SRB |
| | ) |
| v. | ) |
| | ) PLAINTIFFS' RULE 60 MOTION |
| | ) FOR RELIEF RE: PUNITIVE |
| | ) DAMAGES |
| Federal National Mortgage Association, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

Plaintiffs Richard and Kristin Zabriskie ("Plaintiffs"), by and through the undersigned, hereby submit their Motion for Relief made pursuant to Rule 60, Fed. R.

Civ. P., of a portion of the Court's February 24, 2016 Order (Doc. 155) excluding Plaintiffs' claims for the remedy of punitive damages under 15 U.S.C. § 1681n. Plaintiffs' motion should be granted because Fannie Mae never moved for summary judgment to specifically preclude an award of punitive damages under 15 U.S.C. § 1681n and the evidence adduced at trial conforms to all the proofs necessary to establish a claim for punitive damages. Plaintiffs' motion is based on the record in this case and the below Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      Background Facts

Plaintiffs filed their Complaint on November 5, 2013. (Doc. 1). Plaintiffs alleged in their Complaint a single violation of section 15 U.S.C. 1681e(b) against Fannie Mae, and alleged Fannie Mae's violation of such subsection of the FCRA was both negligent and willful. See *Id*. at ¶¶ 101 and 102. Plaintiffs specifically alleged as to their willful claim made under 15 U.S.C. § 1681n as follows:

> Fannie Mae's refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiffs. The injuries suffered by Plaintiffs are attended by circumstances of fraud, malice, retaliation, and willful and wonton misconduct, ***calling for statutory damages, and assessment of punitive damages***, plus attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

*Id*. at ¶102. (emphasis added). Immediately afterwards, Plaintiffs specifically further prayed for the following relief:

> WHEREFORE, Plaintiffs, Richard and Kristin Zabriskie, pray for judgment in their favor and against Defendants Fannie Mae and FHA, and for the following relief:
> A. An award of actual damages in such amounts as determined by the jury;
> B. Statutory damages pursuant to 15 U.S.C. § 1681*n*;
> C. ***An assessment of punitive damages against Defendant pursuant to 15 U.S.C. § 1681n***;
> D. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681*n* and 15 U.S.C. § 1681*o*; ***and***

2

E. Such other further relief as may be just and proper.

*Id*. at pp. 22:1-11 (emphasis added).  Plaintiffs, therefore, specifically plead not just to an award of statutory damages but *also* for an award of punitive damages pursuant to 15 U.S.C. 1681n.

Section 15 U.S.C. 1681n provides as follows:

> **(a) In general.**   Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—
> **(1) (A)** any actual damages sustained by the consumer as a result of the failure *or damages of not less than $100 and not more than $1,000; or*
> **(B)** in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
> **(2)** *such amount of punitive damages as the court may allow; and*
> **(3)** in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. 1681n (2012).

**II.    Fannie Mae's Motion for Summary Judgment**

On October 12, 2015, Fannie Mae moved for summary judgment against Plaintiffs.  (Doc. 101).  In its twenty-two (22) page Motion, rather than the seventeen (17) page limit ordinarily allowed under local rule, Fannie Mae unsuccessfully argued it was neither a "consumer reporting agency" nor that the DU Findings reports were "consumer reports" within the meaning of the FCRA.  In the penultimate paragraph of three pages of a section contending Plaintiffs suffered no damages at all, Fannie Mae offhandedly remarked as follows:

> Nor can plaintiffs get *statutory damages* for a "willful" violation of the FCRA. There is no evidence in the record establishing a willful violation, and no "clearly established" legal authority holding that the FCRA even applies to Fannie Mae, as

3

would be required for plaintiffs to prevail on their claims. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69-70 (2007).

Def.'s Mot. for MSJ at 22:6-10 (emphasis added) In Fannie Mae's entire motion for summary judgment Fannie Mae never specifically moved to exclude the entirety of all willful claims for which Plaintiffs had plead in the Complaint. *See 2, supra*, Complaint B and C. Rather, Fannie Mae's motion for summary judgment was solely limited to the alternative remedy of statutory damages of 15 U.S.C. 1681n, and did not specify any of the punitive damages which Plaintiffs had also specifically pled.

In its ruling on summary judgment, the Court correctly noted Plaintiffs did not respond to Fannie Mae's motion for summary judgment on the statutory damage claim available in 15 U.S.C. § 1681n. However, Fannie Mae's motion for summary judgment never directly or indirectly challenged Plaintiffs' alternative requested relief for punitive damages under 15 U.S.C. § 1681n. And when the court ruled to preclude all damages of willfulness under 15 U.S.C. § 1681n, the court appears to have misapprehended the limited scope of what Fannie Mae requested and certainly what Plaintiffs reasonably understood Fannie Mae intended the court to do. In any event, Plaintiffs did not then challenge Fannie Mae's moving to preclude only statutory damages because actual damages in this case were so substantially greater that it was unnecessary to quibble over the alternate available statutory damage award capped at $1,000.00. Plaintiffs, therefore, could not have and did not waive their alternate remedy to request a jury consider an award of punitive damages for Fannie Mae's willful violation of 15 U.S.C. §1681e(b) of the FCRA.

### III.     Plaintiffs' Rule 60 Motion Is Just

Plaintiffs move the court for relief from the Court's February 2, 2016 order excluding Plaintiffs' claims for punitive damages under 15 U.S.C. § 1681n. Rule 60 states in pertinent part, "[t]he court may correct a . . . mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The

4

court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). As the Ninth Circuit has explained, "[a]n error arises from oversight or omission whenever "the thing spoken, written or recorded is not what the person intended to speak, write or record." *Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 645 (9th Cir. 1984)(citing *Allied Materials Corp. v. Superior Products Co.*, 620 F.2d 224, 226 (10th Cir. 1980) and stating "[t]here is no allegation here that the parties did not intend the judgment to say exactly what it did."))  Here Defendants moved for summary judgment solely on the issue of the remedy of *statutory* damages under 15 U.S.C § 1681n and not the alternative remedy of punitive damages also available under 1681n.

Rule 60(b) further states in pertinent part as follows, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

More important than the limits of what Fannie Mae had sought to knock out on summary judgment in those two afterthought sentences in its motion, is the great weight of the evidence in the case which is already before the jury.  The evidence admitted thus far establishes Fannie Mae acted willfully within the specific meaning of that term under the FCRA.  Two Fannie Mae witnesses have already testified to the jury that they did not know of any procedure at all Fannie Mae had to comply with the FCRA on the single issue for the jury to decide – whether Fannie Mae followed reasonable procedures to ensure the maximum possible accuracy of the information they reported about the Zabriskies in its DU Findings reports.  Plaintiffs' expert Evan Hendricks further testified not only was Fannie Mae's utter lack of any procedures to assure maximum possible accuracy a breach of credit reporting industry standards and that Fannie Mae had knowledge of provisions specifying the necessity for accuracy under the FCRA, but Fannie Mae's "disregard" of its obligations to maintain reasonable procedures to ensure maximum possible accuracy about the Zabriskies was "serious."   The weight of the evidence already admitted conforms to the proofs necessary to establish a willful claim.

5

Therefore, an instruction on the issue of punitive damages should yet be offered and a jury be permitted to determine whether Fannie Mae acted willfully in violation of the FCRA.

Finally, the standard to establish a violation of the FCRA is that Fannie Mae acted with *reckless disregard* of its obligations under the FCRA. In *Safeco Ins. Co. of Am. v. Burr*, the Supreme Court considered two consolidated cases in which consumers had sued insurers for violations of 15 U.S.C. § 1681m(a), which requires that notice be provided to any consumer subjected to "adverse action ... based in whole or in part on any information contained in a consumer report." 551 U.S. 47, 52 (2007). One who "willfully fails" to provide such notice is civilly liable under 15 U.S.C. § 168ln. The Supreme Court began by clarifying that "willfulness" in the context of the FCRA "cover[s] not only knowing violations, but reckless ones as well[.]" Safeco, 551 U.S. at 57 (internal citations omitted). The Court reasoned that a definition of willfulness encompassing "reckless disregard" was consistent with both the common law and the Court's interpretations of comparable language in other statutes. *Id*. The Supreme Court then elaborated that "recklessness" is defined "in the sphere of civil liability as conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" 551 U.S. at 68 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Plaintiffs need not make any showing of a "clear legal authority" first establishing Fannie Mae is subject to the FCRA to prove Fannie Mae acted with "reckless disregard." *See id.*

Accordingly, Plaintiffs respectfully move the Court to reconsider its prior order granting Fannie Mae summary judgment on the issue of all willfulness under 15 U.S.C. § 1681n and permit the jury to determine whether Fannie Mae acted knowingly or with reckless disregard of its obligations required under the Fair Credit Reporting Act, enabling the jury to determine whether an award of punitive damages is appropriate in this case.

| | | |
|---|---|---|
| 1 | Dated: August 29, 2016. | Respectfully submitted, |
| 2 | | **MENGEDOTH LAW PLLC** |
| 3 | | |
| 4 | |  /s/ Paul B. Mengedoth |
| | | Paul B. Mengedoth (018507) |
| 5 | | 20909 N. 90th Place, Suite 211 |
| 6 | | Scottsdale, AZ 85255 |
| | | Tel: (480) 778-9100 |
| 7 | | Fax: (480) 778-9101 |
| 8 | | E-mail: paul@mengedothlaw.com |

Sylvia A Goldsmith (*Pro Hac Vice*)
**GOLDSMITH & ASSOCIATES, LLC**
20545 Center Ridge Rd., Suite 120
Rocky River, OH 44116
Telephone: (440) 934-3025
Facsimile: (440) 934-3026
E-mail: goldsmith@goldsmithlawyers.com

*Attorneys for Plaintiffs Richard and Kristin Zabriskie*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing *Plaintiffs' Response to Defendant's Motion In Limine No. 3 Re: Evan D. Hendricks* is being filed electronically with the United States District Court for the District of Arizona, on this 29th day of August, 2016.  Notice of this filing will be transmitted to counsel of record by operation of the Court's electronic filing system.

/s/ Paul B. Mengedoth