```
X FILED      ___ LODGED
___ RECEIVED ___ COPY

    SEP - 1 2016

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____KGm_____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Zabriskie, et al., | CV 13-02260-PHX-SRB |
| Plaintiffs, | |
| vs. | Final Jury Instructions |
| Federal National Mortgage Association, | |
| Defendant. | |

Members of the Jury: Now that you have heard all of the evidence it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness; and
2. the exhibits which are received into evidence.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

3

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

4

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any ;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

7

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

The Fair Credit Reporting Act requires, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

In connection with its actions in this case Fannie Mae is a "consumer reporting agency," the DU findings are "consumer reports" and Plaintiffs, the Zabriskies are consumers entitled to the protection and benefit of the Fair Credit Reporting Act.

Plaintiffs, the Zabriskies claim that Defendant Fannie Mae negligently failed to comply with the Fair Credit Reporting Act by not following reasonable procedures to assure the maximum possible accuracy of the information in the DU Findings.

In order to prove their claim Plaintiffs must prove by a preponderance of the evidence the following:

First: Fannie Mae furnished DU Findings to a lender which contained inaccurate information about Plaintiffs;

Second: Fannie Mae either lacked procedures reasonably designed to assure maximum possible accuracy of the DU Findings or Fannie Mae failed to follow reasonable procedures to ensure maximum possible accuracy with respect to the DU Findings it prepared about Plaintiffs.

Third: Plaintiffs were injured.

Fourth: Fannie Mae's negligence was a cause of Plaintiffs' injuries

Negligence causes an injury if it is a substantial factor in producing the injury.

Plaintiffs claim that Defendant negligently failed to follow reasonable procedures to assure maximum possible accuracy of the information in the DU Findings concerning plaintiffs.

The term "negligence," as used in these instructions, means the failure to do something which a reasonably prudent consumer reporting agency would do, or means to do something which a reasonably prudent consumer reporting agency would not do under the circumstances which you find existed in this case. It is for you to decide what a reasonably prudent consumer reporting agency would or would not do under the circumstances.

The standard for evaluating the reasonableness of a consumer reporting agency's procedures is what a reasonably prudent consumer reporting agency would do under the circumstances. Evaluating the reasonableness of a consumer reporting agency's procedures involves balancing the potential harm to the consumer from the inaccuracy against the burden on the consumer reporting agency of safeguarding against such inaccuracy. If a consumer reporting agency accurately transcribes, stores and communicates consumer information received from a source that it reasonably believes to be reputable, and which is

13

credible on its face, the credit reporting agency is not negligent simply by reporting an item of information that turns out to be inaccurate.

If you find that Fannie Mae was negligent, and that its negligence was a substantial factor in causing injury to Plaintiffs, then you must determine the full amount of money that will reasonably and fairly compensate Plaintiffs for the damages which you decide were caused by Fannie Mae's negligence.

The Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiffs for any injury you find was caused by Fannie Mae. You should consider the following:

First: the nature and extent of any monetary losses including the lost opportunity to receive credit; and

Second: any humiliation, embarrassment, mental anguish and/or stress-related suffering experienced.

It is for you to determine what damages, if any, have been proved. But in determining the amount of monetary loss you may not award the equivalent of an hourly wage for the number of hours Plaintiffs spent trying to obtain a refinance.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

15

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

16

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

17

If it becomes necessary during your deliberations to communicate with me, you may send a note through the law clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

18